# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
WILLIAM JARRAD LITTLETON, :
:
                         Plaintiff, :
:      20 Civ. 949 (CM) (SN)
            v. :
:
GOLDMAN SACHS GROUP, INC., RACHEL :
SCHNOLL, in her individual and professional :
capacities, and SIRION SKULPONE, in her :
individual and professional capacities, :
:
                         Defendants. :
---------------------------------------------------------------x

## ANSWER OF DEFENDANT RACHEL SCHNOLL

Defendant Rachel Schnoll ("Schnoll"), by her undersigned attorneys, for her answer to the complaint (the "Complaint") of plaintiff William Jarrad Littleton ("Littleton" or "Plaintiff"), herein states, upon knowledge as to herself and her conduct and upon information as to all other matters, the following:

       1.       Denies the allegations of Paragraph 1 of the Complaint, except admits that plaintiff was employed by Goldman, Sachs & Co. and its successor Goldman Sachs & Co. LLC for approximately eight years and that at the time his employment was terminated his title was Vice President, functioning in a relatively junior role in the Consumer and Investment Management Division.

       2.       Denies the allegations of Paragraph 2 of the Complaint, and avers that Paragraph 2 purports to include a partial quotation from a magazine article and refers to that article for a complete statement of its contents.

       3.       Denies the allegations of Paragraph 3 of the Complaint.

4. Denies the allegations of Paragraph 4 of the Complaint, except admits that, on November 7, 2018, Goldman Sachs announced newly elected Participating Managing Directors, and avers that Paragraph 4 purports to recite selected portions of a Goldman Sachs release and refers to the release for a complete statement of its contents.

5. Denies the allegations of Paragraph 5 of the Complaint.

6. Denies the allegations of Paragraph 6 of the Complaint.

## ADMINISTRATIVE PREREQUISITES

7. States that Paragraph 7 of the Complaint contains legal conclusions to which no response is required, except admits that, on June 5, 2019, Plaintiff filed a complaint in New York State Supreme Court against Defendants bringing claims under the New York State Human Rights Law and the New York City Human Rights Law.

8. Admits the allegations of Paragraph 8 of the Complaint.

9. Admits the allegations of Paragraph 9 of the Complaint.

10. States that Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Schnoll denies the allegations of Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. States that Paragraph 11 of the Complaint contains legal conclusions to which no response is required, and denies that she or any party deprived Plaintiff of his rights under Title VII.

12. States that Paragraph 12 of the Complaint contains legal conclusions to which no response is required.

# PARTIES

13. States that the last sentence of Paragraph 13 of the Complaint contains legal conclusions to which no response is required, denies the remaining allegations of Paragraph 13 of the Complaint, except admits that Plaintiff's last job title at the firm was Vice President and that at the time of the termination of his employment was assigned to a supporting role in Goldman Sachs' Specialty Solutions team within the Product Strategy Group, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff resides in New York. To the extent that a response is required to the last sentence of Paragraph 13 of the Complaint, Schnoll denies the allegations.

14. States that the last sentence of Paragraph 14 of the Complaint contains legal conclusions to which no response is required, and denies the remaining allegations of Paragraph 14 of the Complaint, except admits that GS Group is a corporation duly organized under the laws of the State of Delaware and is registered as a foreign business corporation in the State of New York. To the extent that a response is required to the last sentence of Paragraph 14 of the Complaint, Schnoll denies the allegations.

15. States that the last sentence of Paragraph 15 of the Complaint contains legal conclusions to which no response is required, and denies the remaining allegations of Paragraph 15 of the Complaint, except admits that she is a Managing Director of Goldman Sachs and was the Head of the U.S. Product Strategy Group during the time period relevant to the Complaint, and avers that she acted as an indirect manager of Plaintiff, among others. To the extent that a response is required to the last sentence of Paragraph 15 of the Complaint, Schnoll denies the allegations.

16. States that the last sentence of Paragraph 16 of the Complaint contains legal conclusions to which no response is required, and denies the allegations of Paragraph 16 of the Complaint, except admits that Defendant Sirion Skulpone ("Skulpone") was the Head of the

Specialty Solutions team within the U.S. Product Strategy Group during the time period relevant to the Complaint. To the extent that a response is required to the last sentence of Paragraph 16 of the Complaint, Schnoll denies the allegations.

## FACTUAL ALLEGATIONS

17. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint.

18. Denies the allegations of Paragraph 18 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint concerning when Plaintiff was hired by Goldman Sachs and what his initial responsibilities were, and concerning Plaintiffs' graduation from college, his degree and the timing of his joining Goldman Sachs compared to his graduation from college.

19. Denies the allegations of Paragraph 19 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint concerning whether and when Plaintiff became one of the members of Goldman Sachs' Market Risk Career Development Committee.

20. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint, except admits that the Consumer Investment Management Division is co-headed by Eric Lane and Tim O'Neill and that the "Americas Client Business" is headed by Craig Russell.

21. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint, except admits that as of 2016 Plaintiff was a Vice President.

22. Denies the allegations of Paragraph 22 of the Complaint, except admits that Plaintiff was a member of the Specialty Solutions team, which was within the Product Strategy

Group, and that the Specialty Solutions team has product management responsibility for cross-asset and alternative investment strategies.

23. Denies the allegations of Paragraph 23 of the Complaint, except admits that, among other activities, Plaintiff and other members of his team acted as client-facing product specialists.

24. Denies the allegations of Paragraph 24 of the Complaint, except admits that, in October 2016, Plaintiff became a FINRA Registered Option Principal, and avers that, in 2016, Plaintiff worked as a supporting member of a team that assisted with communications of options-related strategies for Goldman Sachs' Americas Client Business.

25. Denies the allegations of Paragraph 25 of the Complaint, except admits that, during his employment with Goldman Sachs, Plaintiff attended client meetings, sales pitches, and asset defense engagements and assisted with training programs, acting as a supporting member of his team.

26. Denies the allegations of Paragraph 26 of the Complaint, except admits that, in 2016, Goldman Sachs was awarded the Best ETF Issuer Capital Markets Desk Award from ETF.com.

27. Denies the allegations of Paragraph 27 of the Complaint, except admits that while Ms. Skulpone, who was the product manager for the Tracker Fund, was on maternity leave Plaintiff did product management work on the Fund and that in late 2018 Mr. Littleton asked to work on some additional products and that Ms. Schnoll declined his request, and avers that at the time Mr. Littleton had been told that he would need to leave the group given his lack of engagement.

28. Denies the allegations of Paragraph 28 of the Complaint, except admits that Goldman Sachs uses a performance review process which is referred to by some as a "360-degree" process.

29. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint, except admits that there is a process for ranking employees and assigning them to performance "quartiles," of which 1 is the highest quartile and 4 is the lowest quartile.

30. Denies the allegations of Paragraph 30 of the Complaint, avers that Paragraph 30 purports to include partial quotations from Plaintiff's performance review document, from which Plaintiff inaccurately quotes, refers to the review document for a complete statement of its contents, and further avers that Plaintiff's reliance on management's inclusion of positive statements about his performance contradicts the Complaint's inaccurate assertion that they held his sexual orientation against him.

31. Denies the allegations of Paragraph 31 of the Complaint, avers that Paragraph 31 purports to include partial quotations from Plaintiff's performance review document, from which Plaintiff inaccurately quotes, refers to the review document for a complete statement of its contents, and further avers that Plaintiff's reliance on management's inclusion of positive statements about his performance, in particular about his mentoring and diversity efforts, contradicts the Complaint's inaccurate assertion that they held his sexual orientation against him.

32. Denies the allegations of Paragraph 32 of the Complaint, avers that Paragraph 32 purports to include partial quotations from Plaintiff's performance review document, refers to the review document for a complete statement of its contents, and further avers that in 2016 Plaintiff's quartile ranking was reduced from 2 to 3 due to declining performance and that

Plaintiff's repeated reliance on management's inclusion of positive statements about his performance contradicts the Complaint's inaccurate assertion that they held his sexual orientation against him.

33. Denies the allegations of Paragraph 33 of the Complaint, avers that Paragraph 33 purports to include partial quotations from Plaintiff's performance review document and refers to the review document for a complete statement of its contents, and further avers that Plaintiff's reliance on management's inclusion of positive statements about his performance contradicts the Complaint's inaccurate assertion that they held his sexual orientation against him.

34. Denies the allegations of Paragraph 34 of the Complaint.

35. Denies the allegations of Paragraph 35 of the Complaint, and avers that Plaintiff was the subject of co-worker complaints about his behavior, including from a junior analyst who reported to him who made multiple complaints that he was verbally abusive and unprofessional to her.

36. Denies the allegations of Paragraph 36 of the Complaint, except admits that Plaintiff was a member of Goldman Sachs' LGBT Network and participated in various LGBT+ activities supported by Goldman Sachs.

37. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, except admits that she was aware of Plaintiff's participation in LGBT Network activities and avers that she was supportive of that participation.

38. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Complaint.

39. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39 of the Complaint.

40. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40 of the Complaint, except admits that in 2016 Plaintiff and several other Goldman Sachs employees were invited by the firm to attend the OutNEXT: LGBT Emerging Leader Summit, that Plaintiff asked if he could attend, and that she supported his attendance, and further avers that Plaintiff's emphasis on the accomplishments of Goldman Sachs' many vigorous LGBT+ initiatives contradicts the Complaint's false claims of discrimination.

41. Denies the allegations of Paragraph 41 of the Complaint, except admits that Plaintiff was a participant in LGBT+ activities sponsored by Goldman Sachs.

42. Denies the allegations of Paragraph 42 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42 of the Complaint concerning what Plaintiff may have thought.

43. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43 of the Complaint.

44. Denies the allegations of Paragraph 44 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that a colleague of Plaintiff told Plaintiff that the call moderator said that Plaintiff should not be included on a conference call because "he sounds too gay."

45. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Complaint.

46. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46 of the Complaint, except admits that Ms. Skulpone informed Ms. Schnoll of Plaintiff's allegation.

47. Denies the allegations of Paragraph 47 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Ms. Reider's discussions with Plaintiff or Ms. Reider's investigation.

48. Denies the allegations of Paragraph 48 of the Complaint.

49. Denies the allegations of Paragraph 49 of the Complaint, except admits that Plaintiff took the Monday after the June 2015 LGBT Pride parade off from work, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff had informed Ms. Skulpone that he would be absent on that day, and avers that she was a strong supporter of the firm's employees' participation in the June 2015 LGBT+ Pride parade.

50. Denies the allegations of Paragraph 50 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff heard, and avers that there is no more basis to attribute a discriminatory animus to the alleged remark than there would be if a similar remark were made about someone who took the day off after July 4, or any other holiday.

51. Denies the allegations of Paragraph 51 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 of the Complaint concerning what data Ms. Skulpone may have provided to Mr. Chropuvka.

52. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52 of the Complaint.

53. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53 of the Complaint.

54. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54 of the Complaint.

55. Denies the allegations of Paragraph 55 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55 of the Complaint concerning Plaintiff's state of mind.

56. Denies the allegations of Paragraph 56 of the Complaint, except admits that, on May 4, 2018, she remarked to Plaintiff that, in sum and substance, "You look so Miami today," and avers that Plaintiff had just returned from vacation and entered a meeting with a tan and wearing an unbuttoned shirt, and that she apologized to Plaintiff after learning that he took issue with the remark.

57. Denies the allegations of Paragraph 57 of the Complaint, except admits that she was involved in setting Plaintiff's compensation, and avers that Plaintiff's total compensation was $160,000 in 2015, $160,000 in 2016, and $165,000 in 2017, and that Plaintiff received a base salary of $122,000 in 2018.

58. Denies the allegations of Paragraph 58 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 58 of the Complaint regarding Plaintiff's beliefs.

59. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 of the Complaint.

60. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60 of the Complaint.

61. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 of the Complaint.

62. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 62 of the Complaint.

63. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 63 of the Complaint, except admits that Ms. Reider spoke with Ms. Schnoll.

64. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 of the Complaint.

65. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65 of the Complaint.

66. Denies the allegations of Paragraph 66 of the Complaint, except admits that on May 24, 2018—in response to a question by Plaintiff—she told Plaintiff that he should look for job opportunities elsewhere given his lack of engagement in his current role, and avers that Plaintiff previously had informed her that he would prefer to work in a different area, that she reiterated the need for Plaintiff to find another role, that senior firm personnel assisted him with a job search over the ensuing months, and that she told Plaintiff in the summer of 2018 that if he did not find a new role within Goldman Sachs within the subsequent months, his employment likely would be terminated.

67. Denies the allegations of Paragraph 67 of the Complaint, avers that Paragraph 67 purports to include partial quotations from Plaintiff's performance review document and refers to the review document for a complete statement of its contents.

68. Denies the allegations of Paragraph 68 of the Complaint, avers that Paragraph 68 purports to include partial quotations from Plaintiff's performance review document, refers to the review document for a complete statement of its contents, and further avers that the inclusion of positive comments by management regarding Plaintiff's leadership in the LGBT Network contradicts the Complaint's inaccurate assertion that management held his sexual orientation against him.

69. Denies the allegations of Paragraph 69 of the Complaint.

70. Denies the allegations of Paragraph 70 of the Complaint.

71. Denies the allegations of Paragraph 71 of the Complaint.

72. Avers that Paragraph 72 of the Complaint purports to include partial quotations from Plaintiff's performance review document and refers to the review document for a complete statement of its contents.

73. Denies the allegations of Paragraph 73 of the Complaint.

74. Denies the allegations of Paragraph 74 of the Complaint, and avers that Plaintiff was the subject of co-worker complaints about his behavior, including from a junior analyst who complained that he was abusive to her.

75. Denies the allegations of Paragraph 75 of the Complaint, and avers that, during his review meeting, Ms. Skulpone and she informed Plaintiff that, although no final decision had been reached regarding his employment status, if he did not identify another role within the firm by the end of January 2019, he would, in all likelihood, be asked to leave the firm, and further avers that Plaintiff was advised months earlier of the need to find another position and that Plaintiff was given many months to do so.

76. Denies the allegations of Paragraph 76 of the Complaint.

77. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77 of the Complaint.

78. Denies the allegations of Paragraph 78 of the Complaint.

79. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 79 of the Complaint.

80. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80 of the Complaint.

81. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 81 of the Complaint.

82. Denies the allegations of Paragraph 82 of the Complaint and avers that Paragraph 82 purports to include a partial quotation from a New York Times article and refers to the article for a complete statement of its contents.

83. Denies the allegations of Paragraph 83 of the Complaint, except admits that Paragraph 83 purports to include a partial quotation from an unknown source.

84. Denies the allegations of Paragraph 84 of the Complaint, avers that Paragraph 84 purports to include a partial quotation from Goldman Sachs' press release announcing its 2018 partner class, and refers to the release for a complete statement of its contents.

85. Denies the allegations of Paragraph 85 of the Complaint, avers that Paragraph 85 purports to include a partial reference from Goldman Sachs' press release announcing its 2018 Participating Managing Director class, and refers to the release for a complete statement of its contents.

86. Denies the allegations of Paragraph 86 of the Complaint, avers that Paragraph 86 purports to include a partial quotation from Goldman Sachs' Affinity Network Survey 2018, and refers to that document for a complete statement of its contents.

87. Denies the allegations of Paragraph 87 of the Complaint, avers that Paragraph 87 purports to include a partial quotation from a document titled "Second Annual Gender Pay Scorecard," and refers to the document for a complete statement of its contents.

88. Denies the allegations of Paragraph 88 of the Complaint, avers that Paragraph 88 purports to summarize a document titled "Second Annual Gender Pay Scorecard," and refers to that document for a complete statement of its contents.

89. Denies the allegations of Paragraph 89 of the Complaint, avers that Paragraph 89 purports to include a summary of a portion of a document, and refers to that document for a complete statement of its contents.

90. Denies the allegations of Paragraph 90 of the Complaint.

91. Denies the allegations of Paragraph 91 of the Complaint, avers that Paragraph 91 purports to include a summary of a document that does not refer to Goldman Sachs, and refers to that document for a complete statement of its contents.

92. Denies the allegations of Paragraph 92 of the Complaint, avers that Paragraph 92 of the Complaint purports to include a summary of a document that does not refer to Goldman Sachs, and refers to that document for a complete statement of its contents.

93. Denies the allegations of Paragraph 93 of the Complaint.

## FIRST CAUSE OF ACTION

94. Restates and reincorporates herein her responses to Paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95. Denies the allegations of Paragraph 95 of the Complaint, and states that Paragraph 95 contains allegations that are not directed against Schnoll and thus no response is required.

96. Denies the allegations of Paragraph 96 of the Complaint, and states that Paragraph 96 contains allegations that are not directed against Schnoll and thus no response is required.

97. Denies the allegations of Paragraph 97 of the Complaint, and states that Paragraph 97 contains allegations that are not directed against Schnoll and thus no response is required.

## SECOND CAUSE OF ACTION

98. Restates and reincorporates herein her responses to Paragraphs 1 through 97 of the Complaint as if fully set forth herein.

99. Denies the allegations of Paragraph 99 of the Complaint, and states that Paragraph 99 contains allegations that are not directed against Schnoll and thus no response is required.

100. Denies the allegations of Paragraph 100 of the Complaint, and states that Paragraph 100 contains allegations that are not directed against Schnoll and thus no response is required.

101. Denies the allegations of Paragraph 101 of the Complaint, and states that Paragraph 101 contains allegations that are not directed against Schnoll and thus no response is required.

## THIRD CAUSE OF ACTION

102. Restates and reincorporates herein her responses to Paragraphs 1 through 101 of the Complaint as if fully set forth herein.

103. Denies the allegations of Paragraph 103 of the Complaint.

104. Denies the allegations of Paragraph 104 of the Complaint.

105. Denies the allegations of Paragraph 105 of the Complaint.

## FOURTH CAUSE OF ACTION

106. Restates and reincorporates herein her responses to Paragraphs 1 through 105 of the Complaint as if fully set forth herein.

107. Denies the allegations of Paragraph 107 of the Complaint.

108. Denies the allegations of Paragraph 108 of the Complaint.

109. Denies the allegations of Paragraph 109 of the Complaint.

## FIFTH CAUSE OF ACTION

110. Restates and reincorporates herein her responses to Paragraphs 1 through 109 of the Complaint as if fully set forth herein.

111. Denies the allegations of Paragraph 111 of the Complaint.

112. Denies the allegations of Paragraph 112 of the Complaint.

113. Denies the allegations of Paragraph 113 of the Complaint.

## SIXTH CAUSE OF ACTION

114. Restates and reincorporates herein her responses to Paragraphs 1 through 113 of the Complaint as if fully set forth herein.

115. Denies the allegations of Paragraph 115 of the Complaint.

116. Denies the allegations of Paragraph 116 of the Complaint.

117. Denies the allegations of Paragraph 117 of the Complaint.

118. Denies the allegations of Paragraph 118 of the Complaint.

## SEVENTH CAUSE OF ACTION

119. Restates and reincorporates herein her responses to Paragraphs 1 through 118 of the Complaint as if fully set forth herein.

120. Denies the allegations of Paragraph 120 of the Complaint.

121. Denies the allegations of Paragraph 121 of the Complaint.

122. Denies the allegations of Paragraph 122 of the Complaint.

123. Denies the allegations of Paragraph 123 of the Complaint.

## EIGHTH CAUSE OF ACTION

124. Restates and reincorporates herein her responses to Paragraphs 1 through 123 of the Complaint as if fully set forth herein.

125. Denies the allegations of Paragraph 125 of the Complaint.

126. Denies the allegations of Paragraph 126 of the Complaint.

127. Denies the allegations of Paragraph 127 of the Complaint.

128. Denies the allegations of Paragraph 128 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The decisions made with respect to Plaintiff's employment were made for legitimate, non-discriminatory, non-retaliatory business reasons.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not sustained any cognizable injury by reason of any actions of Ms. Schnoll.

## FOURTH AFFIRMATIVE DEFENSE

On information and belief, if Plaintiff has suffered damages, he has failed to mitigate them.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages in this action because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Ms. Schnoll engaged in good faith efforts to comply with the relevant statutes. Plaintiff's claims to recover punitive damages are further barred because Ms. Schnoll's alleged conduct did not rise to the required level of culpability to justify an award of such damages.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover for injuries, physical and/or emotional, allegedly incurred in the course of or arising out of employment with Goldman Sachs, such recovery is barred by the exclusivity of remedies under New York Workers' Compensation law.

## SEVENTH AFFIRMATIVE DEFENSE

Ms. Schnoll was not Plaintiff's employer and therefore was improperly named as a defendant in this action.

## EIGHTH AFFIRMATIVE DEFENSE

Ms. Schnoll specifically gives notice that she intends to rely upon such other defenses as may become available by law, pursuant to statute, or during discovery proceedings, and hereby reserves the right to amend her Answer and assert such defenses.

*/s/ Theodore O. Rogers, Jr.*
Theodore O. Rogers, Jr.
Matthew J. Porpora
Jacob G. Singer
Arturo C. Schultz

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendant
Rachel Schnoll*

February 26, 2020